UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN EMPLOYERS INSURANCE, COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 02 C 7587 |
| v. | ) ) ) | |
| MARINA CARTAGE, INC., MAT LEASING, MAYRA GARNICA, as Special Administrator of the Estate of MELVIN ESTRADA GARNICA, and TRI-STATE INDUSTRIES, | ) ) ) ) ) | Judge George M. Marovich |
| Defendants. | ) ) ) | Consolidated with |
| MARINA CARTAGE, INC., | ) ) ) | |
| Plaintiff, | ) ) | 02 C 9493 |
| v. | ) ) ) | |
| CGU INSURANCE d/b/a AMERICAN EMPLOYERS INSURANCE COMPANY INSURANCE d/b/a/ INDIANA INSURANCE | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff American Employers Insurance Company ("AEIC") filed a three-count complaint seeking a declaratory judgment that it has no duty to defend or indemnify Marina Cartage, Inc. ("Marina Cartage") or MAT Leasing ("MAT") in litigation brought by Tri State Industries ("Tri-State") against Marina Cartage and MAT. Marina Cartage filed in the Circuit Court of Cook County a complaint seeking an order requiring defendants to defend and indemnify it with respect to an underlying lawsuit (which will be discussed below). AEIC removed the case to federal court, where it was consolidated with AEIC's case against Marina Cartage, Inc. et. al.

AEIC has filed a motion for summary judgment with respect to its claims. Marina Cartage and MAT filed a motion for summary judgment with respect to both its claims against AEIC and AEIC's claims against it. Tri-State has filed a motion for summary judgment with respect to AEIC's claims. For the reasons set forth below, the Court grants in part and denies in part AEIC's motion for summary judgment. The Court denies the motions for summary judgment filed by Tri-State, Marina Cartage and MAT.

I. **Background**

The following facts are undisputed unless otherwise noted. Plaintiff AEIC is an insurance company organized and existing under the laws of the State of Massachusetts. Plaintiff/defendant Marina Cartage, Inc. and defendants MAT Leasing and Tri-State Industries are Illinois corporations. It is not clear from the parties submissions what type of businesses these entities are engaged in.

AEIC issued a Commercial General Liability insurance policy (the "policy") to Marina Cartage. MAT is also a named insured under the policy. The policy was effective from May 1, 1999 to May 1, 2000 and provides, in relevant part:

> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement.**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. We may at our discretion investigate any 'occurrence' and settle any claim or 'suit' that may result. . . .
>
> \* \* \*

2. **Exclusions.**

   This insurance does not apply to:

   * * *

   e. **Employer's Liability**

   'Bodily injury' to:

   (1) An 'employee' of the insured arising out of and in the course of:
   
       (a)    Employment by the insured; or
       (b)    Performing duties related to the conduct of the insured's business; or

   (2) The spouse, child, parent brother or sister of that 'employee' as a consequence of paragraph (1) above.

   This exclusion applies:

   (1) Whether the insured may be liable as an employer or in any other capacity; and

   (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

   This exclusion does not apply to liability assumed by the insured under an 'insured contract.'

   * * *

   g. **Aircraft, Auto or Watercraft**

   'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and 'loading or unloading.'

   * * *

# SECTION IV–COMMERCIAL GENERAL CONDITIONS
\* \* \*
**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    a. You must see to it that we are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim. To the extent possible, notice should include:

        (1) How, when, and where the 'occurrence' or offense took place;

        (2) The names and addresses of any injured persons and witnesses; and

        (3) The nature and location of any injury or damage arising out of the 'occurrence' or offense.

    b. If a claim is made or 'suit' is brought against any insured, you must:

        (1) Immediately record the specifics of the claim or 'suit' and the date received; and

        (2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or 'suit' as soon as is practicable.

    c. You and any other involved insured must:

        (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit';

        (2) Authorize us to obtain records and other information;

        (3) Cooperate with us in the investigation or settlement of the claim or defense against the 'suit'; and

        (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

(Insurance Policy at 1 of 11 and 2 of 11).

In October 1999, Mayra Garnica ("Ms. Garnica") filed in the Circuit Court of Cook County a two-count lawsuit against Tri-State Industries. Both claims in Ms. Garnica's suit arose from the allegedly wrongful death of Melvin E. Garnica ("Mr. Garnica"). Ms. Garnica alleged that Mr. Garnica worked for Marina Cartage as a truck driver. She alleged that Tri-State Industries owned a property that it used as a dump site for, among other things, dirt, stone and concrete. According to Ms. Garnica's complaint, on September 20, 1999, Mr. Garnica drove a truck loaded with dirt, stone and concrete to Tri-State's premises in order to dump the contents. Ms. Garnica alleged that Tri-State was negligent in guiding Mr. Garnica to the edge of a pit, allowing him to back his truck too close to the pit, failing to warn him that the soft dirt near the edge of the pit would not support his truck and allowing him to back his truck to an unsafe area. According to Ms. Garnica's complaint, due to Tri-State's negligence, Mr. Garnica fell out of his truck and the truck fell into the pit on top of Mr. Garnica, thereby causing his death.

The parties agree that MAT owns the truck that Mr. Garnica was driving at the time of the September 1999 accident alleged in the Garnica lawsuit.

In November 2000, Tri-State filed a third-party complaint against Marina Cartage for contribution in the event Tri-State was found liable to Ms. Garnica. In March 2003, Tri-State filed a second amended third-party complaint against Marina Cartage (the "second amended complaint against Marina Cartage"). In Count I, Tri-State alleged that Mr. Garnica was fatally injured "while working in the course of his employment with Marina Cartage, Inc." Tri-State also alleged that Marina Cartage failed to provide Mr. Garnica with "a reasonably safe place to work," "adequate supervision," and a properly-maintained tractor. Tri-State alleged that Marina Cartage failed to train Mr. Garnica with respect to loading and unloading his trailer, emergency procedures and on remaining inside his tractor during emergencies. In Count III, Tri-State alleged that Mr. Garnica was fatally injured "while he was working in the course of his

employment with MAT Leasing." Tri-State alleged that Marina Cartage "voluntarily undertook the training, supervision, retention and job assignment of Melvin Garnica and provided him a tractor or trailer and, correspondingly, had a duty to conduct those undertakings with reasonable care." In Count II, Tri-State made the same allegations except that it alleged that Mr. Garnica was injured in the course of his employment with MT Transit. In each of the three counts, Tri-State alleged that "[i]f it should be found that the plaintiff is entitled to recover from the defendant, it will not be solely on account of the negligence of Tri State Industries, Inc., but will be based on the aforementioned careless and/or negligent acts and/or omissions of" Marina Cartage.

In October 2001, Tri-State filed a third-party complaint against MAT for contribution. In March 2003, Tri-State filed a second amended third-party complaint against MAT (the "second amended complaint against MAT"). In Count I, Tri-State alleged that Mr. Garnica was fatally injured in September 1999 "while he was working in the course of his employment with MAT LEASING, INC." Tri-State also alleged that MAT "had a duty to exercise due care for the safety of [Mr. Garnica]" and that MAT negligently failed to "provide [Mr. Garnica] with a reasonably safe place to work" and "to provide [Mr. Garnica] with adequate supervision." Tri-State also alleged that MAT failed to train Mr. Garnica properly and negligently retained him for a position for which he was not suited. In Count II, Tri-State alleged that Mr. Garnica was fatally injured "while he was working in the course of his employment with Marina Cartage and/or MT Transit." Tri-State also alleged in Count II that MAT Leasing "voluntarily undertook the training, supervision, retention and job assignment of Melvin Garnica and provided him a tractor or trailer and, correspondingly, had a duty to conduct those undertakings with reasonable care." In both counts, Tri-State alleged that if Tri-State is found liable to Ms. Garnica, MAT will owe a duty to contribute.

By January 2001, Marina Cartage had made a request to AEIC for defense and indemnity with respect to the Tri-State suit. AEIC sent a letter to Marina Cartage, in which letter AEIC stated:

> The American Employers Insurance Company will investigate and defend this claim your [sic] behalf under a strict reservation of rights and provided that such action shall not be construed as a waiver of any of the rights or defenses which the company may have under the above-captioned policy number. It is understood and agreed that neither the rights of the company or of yourself are hereby waived.

AEIC assigned attorneys from the law firm of Matyas & Norris to defend Marina Cartage in the Garnica lawsuit. On April 26, 2001, AEIC informed Marina Cartage that it had concluded that it had no duty to defend or indemnify with respect to the Tri-State litigation. AEIC and Marina Cartage filed their lawsuits, each seeking a declaration as to AEIC's duties.

## II.   Summary judgment standard

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Courtney v. Biosound*, 42 F.3d 414, 418 (7th Cir. 1994).

## III.   Discussion

In this diversity action, the parties agree that Illinois law applies. The duty of a federal court considering a diversity case is "to predict what the state's highest court would do if

presented with the identical issue." *Taco Bell Corp. v. Continental Casualty Co.*, 388 F.3d 1069, 1077 (7th Cir. 2004). Under Illinois law, an insurer's duty to defend its insured in a lawsuit is broader than the insurer's duty to indemnify the insured for a judgment. *American Alliance Ins. Co. v. 1212 Restaurant Group, LLC*, 794 N.E.2d 892, 897 (1st Dist. 2003). Thus, if an insurer has no duty to defend, it necessarily has no duty to indemnify. *Fremont Casualty Ins. Co. v. Ace-Chi. Great Dane Corp.*, 739 N.E.2d 85, 89 (1st Dist. 2000). The insurer's duty to defend "is determined by comparing the allegations in the underlying complaint to the relevant provisions of the insurance policy." *Dixon Distributing Co. v. Hanover Ins. Co.*, 641 N.E.2d 395, 398 (Ill. 1994). If the complaint alleges facts that fall within (or potentially within) the policy's coverage, the insurer has a duty to defend the insured in the lawsuit. *Dixon*, 641 N.E.2d at 398. The relevant complaint for comparison purposes is the most recently filed complaint. *See Dixon*, 641 N.E.2d at 399.

### A. AEIC's motion for summary judgment

AEIC moves for summary judgment on each of its three counts. In Count I, AEIC seeks a declaration that it does not owe defendants Marina Cartage and/or MAT a duty to defend or to indemnify with respect to the Tri-State litigation based on an exclusion in the policy for bodily injury arising out of employment. In Count II, AEIC seeks a declaration that it does not owe defendants Marina Cartage and/or MAT a duty to defend or to indemnify with respect to the Tri-State litigation based on an exclusion in the policy for bodily injury arising out of the use of an auto owned by an insured. In Count III, AEIC seeks a declaration that it does not owe MAT a duty to defend or to indemnify because MAT allegedly failed to comply with notification procedures outlined in an insurance agreement.

AEIC has a duty to defend Marina Cartage only if at least one of Tri-State's claims against Marina Cartage is covered by the policy. Likewise, AEIC has a duty to defend MAT only if at least one of Tri-State's claims against MAT is covered by the policy. AEIC argues that it does not have a duty to defend or indemnify because all of the claims against MAT and Marina Cartage are excluded by the policy's auto exclusion. The Court agrees.

The auto exclusion provides, in relevant part, that the "insurance does not apply to:

> '*Bodily injury*' or 'property damage' *arising out of the* ownership, maintenance, *use* or entrustment to others *of any* aircraft, '*auto*' or watercraft *owned* or operated *by* or rented or loaned to *any insured.*

(Emphasis added). The policy defines "auto" as "a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment." The parties agree that MAT owned the truck Mr. Garnica was driving at the time of the fatal accident. The parties also agree that MAT is an insured under the policy. Thus, the issue is whether all of the claims against MAT and Marina Cartage are excluded because they "arise out of" the use of said truck.

It is clear that all of the claims allege bodily injury arising out of the use of the truck. The bodily injury alleged in each of the claims is the bodily injury to Mr. Garnica in September 1999. First, the allegations in the Garnica lawsuit make clear that Mr. Garnica's bodily injury arose from his use of the truck. Specifically, the Garnica lawsuit alleged that due to Tri-State's negligence with respect to directing the truck, the truck Mr. Garnica was driving fell backwards into the pit, causing Mr. Garnica to fall out of the truck and causing the truck to land on Mr. Garnica. Plainly, the bodily injury alleged in the Garnica lawsuit arose from his use of the truck. Tri-State's lawsuits against MAT and Marina Cartage, in turn, are dependent on the same bodily

injury. In those suits, Tri-State alleged that if it is liable in the Garnica suit, it will be due in part to MAT's and/or Marina Cartage's negligence such that MAT and/or Marina Cartage are liable for contribution. Tri-State can prevail against MAT and Marina Cartage if and only if Tri-State loses the Garnica lawsuit, which alleges only the bodily injury arising out the use of the truck. Tri-State makes no claims against Marina Cartage or MAT that are not dependent on the Garnica lawsuit or that allege any other bodily injury.

Tri-State argues the auto exclusion does not apply because at least some of its claims against MAT and/or Marina Cartage rely not on "auto negligence" but on "negligent hiring, training and retention." Tri-State points to no such claim. Tri-State relies on *USF&G v. State Farm Mutual Auto. Ins. Co.*, 437 N.E.2d 663 (1st Dist. 1982). In *USF&G*, the underlying suit alleged that a child was injured when she fell or was pushed from an automobile belonging to a day care center during a ride from the day care center to a dance class. In Count I, the plaintiff alleged that the defendants were negligent in operating the day care center and in failing to provide sufficient personnel to care for and monitor the children adequately. In Count II, the plaintiff alleged that the defendants were negligent in operating the automobile. The court concluded that *USF&G* had a duty to defend because Count I–which alleged negligent supervision–was potentially within the coverage of the policy.

A fundamental distinction between *USF&G* and this case, however, makes *USF&G* inapposite. The holding on *USF&G* relies on the premise that an insurer must defend an entire case if one claim is covered by the insurance policy. Here, however, Tri-State can point to no covered claim because *each* of Tri-State's claims is excluded by the auto exclusion. Unlike the insured in *USF&G*, Tri-State cannot point to a single claim that does not arise from the use of

MAT's truck. *Every* one of Tri-State's claims against both MAT and Marina Cartage allege that if Tri-State is liable in the Garnica suit, then MAT and/or Marina Cartage must contribute because it is partly responsible. Thus, Tri-State's allegations are such that Tri-State can win against MAT and Marina Cartage if and only if Tri-State loses in the Garnica suit. The Garnica suit, for its part, contains only claims for bodily injury arising from use of truck. Every claim Tri-State makes, then, arises out of the use of the MAT truck. Accordingly, every claim is excluded by the auto exclusion.

Defendants argue that AEIC is estopped from denying coverage for the Tri-State suits. The Illinois Supreme Court has explained the estoppel doctrine which applies in Illinois (though few other places):

> The general rule of estoppel provides that an insurer which takes the position that a complaint potentially alleging coverage is not covered under a policy that includes a duty to defend may not simply refuse to defend the insured. Rather, the insurer has two options: (1) defend the suit under a reservation of rights or (2) seek a declaratory judgment that there is no coverage. If the insurer fails to take either of these steps and is later found to have wrongfully denied coverage, the insurer is estopped from raising policy defenses to coverage.

*Employers Ins. Of Wausau v. Ehlco Liquidating Trust*, 708 N.E.2d 1122, 1134-1135 (Ill. 1999).

The Illinois Supreme Court has also explained when the doctrine is inapplicable:

> Application of the estoppel doctrine is not appropriate if the insurer had no duty to defend, or if the insurer's duty to defend was not properly triggered. These circumstances include where the insurer was given no opportunity to defend; where there was no insurance policy in existence; and where, when the policy and the complaint are compared, there clearly was no coverage or potential for coverage.

*Ehlco*, 708 N.E.2d at 1135.

Here, the estoppel doctrine does not apply. The Court has already compared the complaint allegations to the policy and concluded that there is no coverage. Accordingly, these are precisely the circumstances to which the estoppel doctrine does not apply.

Because every claim asserted against Marina Cartage is excluded from the policy by the auto exclusion, AEIC has no duty to defend or indemnify Marina Cartage with respect to Tri-State's lawsuit against Marina Cartage. Likewise, because every claim asserted against MAT is excluded from the policy by the auto exclusion, AEIC has no duty to defend or indemnify MAT with respect to Tri-State's lawsuit against MAT. AEIC is entitled to summary judgment on Count II. Because the Court grants summary judgment to AEIC with respect to Count II, AEIC's motion for summary judgment with respect to Counts I and III are denied as moot.

### B. Defendants' motions for summary judgment.

The Court has already determined that AEIC has no duty to defend or indemnify Marina Cartage or MAT with respect to Tri-State's claims against them. Defendants' motions for summary judgment seek declarations that AEIC owes such a duty. Thus, for the same reasons outlined above, the motions for summary judgment filed by Tri-State, Marina Cartage and MAT are denied.

### IV. Conclusion

For the reasons set forth above, the Court grants AEIC's motion for summary judgment with respect to Count II. AEIC is entitled to a declaration that under the terms of policy no. AWK581125 it has no duty to defend or indemnify Marina Cartage, Inc. or MAT Leasing with respect to Case No. 99 L 12196 in the Circuit Court of Cook County, Illinois. The Court denies as moot AEIC's motion for summary judgment with respect to Counts I and III. The Court

denies Tri-State's motion for summary judgment and denies MAT's and Marina Cartage's joint motion for summary judgment.

ENTER:

George M. Marovich
United States District Judge

DATED: 1/25/05